UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANNE B.[1],                                       Case No. 3:22-cv-281
    Plaintiff,                                Litkovitz, M.J.

vs.

COMMISSIONER OF                    **ORDER**
SOCIAL SECURITY,
    Defendant.

Plaintiff Anne B. brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). This matter is before the Court on plaintiff's Statement of Errors (Doc. 10), the Commissioner's response in opposition (Doc. 12), and plaintiff's reply memorandum. (Doc. 15).

**I. Procedural Background**

Plaintiff protectively filed her applications for DIB and SSI on June 23, 2020, alleging disability since December 30, 2015, due to posttraumatic stress disorder ("PTSD"), bipolar disorder, anxiety, depression, seizures, asthma, migraines, and eye spasms. (Tr. 267). The applications were denied initially and upon reconsideration. Plaintiff, through counsel, requested and was granted a *de novo* hearing before administrative law judge ("ALJ") Gregory M. Beatty. Plaintiff, and a vocational expert ("VE"), appeared telephonically and testified at the ALJ hearing on September 14, 2021. (Tr. 44-77). On September 28, 2021, the ALJ issued a decision denying plaintiff's DIB and SSI applications. (Tr. 19-43). This decision became the final

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

decision of the Commissioner when the Appeals Council denied review on August 9, 2022. (Tr. 7-13).

## II. Analysis

### A. Legal Framework for Disability Determinations

To qualify for disability benefits, a claimant must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The impairment must render the claimant unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

Regulations promulgated by the Commissioner establish a five-step sequential evaluation process for disability determinations:

> 1) If the claimant is doing substantial gainful activity, the claimant is not disabled.
>
> 2) If the claimant does not have a severe medically determinable physical or mental impairment – *i.e.*, an impairment that significantly limits his or her physical or mental ability to do basic work activities – the claimant is not disabled.
>
> 3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.
>
> 4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
> 5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009) (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 404.1520(b)-(g)). The claimant has the burden of proof at the first four steps of the sequential evaluation process. *Id.*; *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548

2

(6th Cir. 2004). Once the claimant establishes a prima facie case by showing an inability to perform the relevant previous employment, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful employment and that such employment exists in the national economy. *Rabbers*, 582 F.3d at 652; *Harmon v. Apfel*, 168 F.3d 289, 291 (6th Cir. 1999).

### B. The Administrative Law Judge's Findings

The ALJ applied the sequential evaluation process and made the following findings of fact and conclusions of law:

1. The [plaintiff] meets the insured status requirements of the Social Security Act through December 31, 2021.

2. The [plaintiff] has not engaged in substantial gainful activity since December 30, 2015, the alleged disability onset date (20 CFR 404.1571, *et seq.*, and 416.971, *et seq.*).

3. The [plaintiff] has the following severe impairments: epilepsy, migraine headaches, neurocognitive disorder, depressive disorder, generalized anxiety disorder, and posttraumatic stress disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The [plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. The [plaintiff] has the residual functional capacity to perform light work as defined at 20 CFR 404.1567(b) and 416.967(b) subject to the following limitations: (1) able to lift and carry up to 20 pounds occasionally and ten pounds frequently; (2) able to sit up to six hours during any given eight-hour workday; (3) able to stand/walk up to six hours during any given eight-hour workday; (4) able to push/pull up to 20 pounds occasionally and up to ten pounds frequently; (5) cannot climb ladders, ropes, or scaffolds; (6) unable to work at unprotected heights or around moving mechanical parts; (7) unable to operate a motor vehicle in the course of employment; (8) able to perform simple, routine, and repetitive tasks but not at a production-rate pace; (9) able to make simple work-related decisions; (10) able to occasionally interact with supervisors and co-workers; (11) able to occasionally interact with the general public; (12) able to tolerate few changes in a routine work setting.

6. The [plaintiff] is unable to perform past relevant work (20 CFR 404.1565 and 416.965).[2]

7. The [plaintiff] was born [in] . . . 1976. At age 45, she is classified as a "younger individual" for Social Security purposes (20 CFR 404.1563 and 416.963).

8. The [plaintiff] has an 8th-grade or "limited" education as defined for Social Security purposes (20 CFR 404.1564 and 416.964).

9. The [plaintiff] does not have "transferable" work skills within the meaning of the Social Security Act (20 CFR 404.1568 and 416.968).

10. Considering the [plaintiff]'s age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the [plaintiff] can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).[3]

11. The [plaintiff] was not "disabled," as defined in the Social Security Act, from December 30, 2015, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 25-36).

### C. Judicial Standard of Review

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a twofold inquiry: (1) whether the findings of the ALJ are supported by substantial evidence, and (2) whether the ALJ applied the correct legal standards. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).

The Commissioner's findings must stand if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*,

---

[2] Plaintiff's past relevant work was a home health aide, a semi-skilled, medium position. (Tr. 35, 73).

[3] The ALJ relied on the VE's testimony to find that plaintiff would be able to perform the requirements of representative light-exertion occupations such as housekeeper (220,000 jobs in the national economy); routing clerk (105,000 jobs in the national economy); and merchandise marker (227,000 jobs in the national economy). (Tr. 36, 74).

587 U.S. __, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance. . . ." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). In deciding whether the Commissioner's findings are supported by substantial evidence, the Court considers the record as a whole. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

The Court must also determine whether the ALJ applied the correct legal standards in the disability determination. Even if substantial evidence supports the ALJ's conclusion that the plaintiff is not disabled, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers*, 582 F.3d at 651 (quoting *Bowen*, 478 F.3d at 746).

**D. Specific Error**

In her sole assignment of error, plaintiff alleges the ALJ erred in evaluating the opinions provided by the state agency psychologists. (Doc. 10). Plaintiff argues the ALJ "only evaluated their opinions with respect to their paragraph B criteria findings" and "never engaged in a supportability or consistency evaluation regarding their actual medical opinions." (*Id*. at PAGEID 2842). Plaintiff also contends the ALJ's residual functional capacity ("RFC") is not supported by substantial evidence because the ALJ omitted the state agency psychologists' opinion that plaintiff be limited to "superficial" interactions with supervisors, coworkers, and the general public. (*Id*.). Plaintiff argues the ALJ erred by omitting this limitation from the RFC and instead, without explanation, included a limitation that plaintiff be limited to "occasional" interactions with supervisors, coworkers, and the general public. (*Id*. at PAGEID 2845-46). The Commissioner argues that the ALJ's decision is supported by substantial evidence, and the ALJ

5

properly evaluated the opinions from the state agency psychologists consistent with the regulations and based on the record evidence. (Doc. 12).

For claims filed on or after March 27, 2017, new regulations apply for evaluating medical opinions. *See* 20 C.F.R. § 404.1520c (2017); *see also* 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15132-01, 2017 WL 1105368 (Mar. 27, 2017)).[4] These new regulations eliminate the "treating physician rule" and deference to treating source opinions, including the "good reasons" requirement for the weight afforded to such opinions.[5] *Id*. The Commissioner will "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s),[6] including those from your medical sources." 20 C.F.R. § 404.1520c(a). Rather, the Commissioner will consider "how persuasive" the medical opinion is. 20 C.F.R. § 404.1520c(b).

In determining the persuasiveness of a medical opinion, the ALJ considers five factors: (1) supportability, (2) consistency, (3) relationship with the claimant, including length of treatment relationship, frequency of examinations, purpose of the treatment relationship, and examining relationship, (4) specialization, and (5) other factors that tend to support or contradict

---

[4] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Miller v. Comm'r of Soc. Sec.*, No. 3:18-cv-281, 2019 WL 4253867, at *1 n.1 (S.D. Ohio Sept. 9, 2019) (quoting *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007)). The Court's references to DIB regulations should be read to incorporate the corresponding and identical SSI regulations for purposes of this Order.

[5] For claims filed prior to March 27, 2017, a treating source's medical opinion on the issue of the nature and severity of an impairment is given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). *See also Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). "The Commissioner is required to provide 'good reasons' for discounting the weight given to a treating-source opinion." *Id.* (citing 20 C.F.R. § 404.1527(c)(2)).

[6] A "prior administrative medical finding" is defined as "[a] finding, other than the ultimate determination about whether the individual is disabled, about a medical issue made by an MC [medical consultant] or PC [psychological consultant] at a prior administrative level in the current claim." 82 Fed. Reg. 5844-01, 2017 WL 168819, at *5850. For clarity, the Court will refer to the limitations opined by the state agency reviewing physicians and psychologists as "assessments" or "opinions."

a medical opinion. 20 C.F.R. § 404.1520c(c)(1)-(5). The most important factors the ALJ must consider are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). With respect to the supportability factor, "[t]he more relevant the objective medical evidence[7] and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1). Similarly, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s). . . ." 20 C.F.R. § 404.1520c(c)(2). The ALJ is required to "*explain* how [he/she] considered the supportability and consistency factors for a medical source's medical opinions" in the written decision. 20 C.F.R. § 404.1520c(b)(2) (emphasis added). Conversely, the ALJ "may, but [is] not required to, explain" how he/she considered the relationship, specialization, and other factors set forth in paragraphs (c)(3) through (c)(5) of the regulation. *Id.* However, where two or more medical opinions or prior administrative findings about the same issue are equally persuasive, the ALJ must articulate how he or she "considered the other most persuasive factors in paragraphs (c)(3) through (c)(5). . . ." 20 C.F.R. § 404.1520c(b)(3). Finally, the ALJ is not required to articulate how he or she considered evidence from nonmedical sources. 20 C.F.R. § 404.1520c(d).

On February 1, 2021, state agency psychologist Dr. Irma Johnston completed a mental residual functional capacity assessment and opined, in pertinent part, that plaintiff had social interaction limitations. (Tr. 88). Specifically, Dr. Johnston opined that plaintiff was moderately limited in her ability to interact appropriately with the general public, accept instructions and respond appropriately to criticism from supervisors, and get along with coworkers or peers without distracting them or exhibiting behavioral extremes. (*Id.*). Based on these social

---

[7] Objective medical evidence is defined as "signs, laboratory findings, or both." 82 Fed. Reg. 5844-01, 2017 WL 168819, at *5850.

interaction limitations, Dr. Johnston opined that plaintiff could "interact superficially with supervisors, coworkers, and the general public." (*Id*.). State agency psychologist Dr. Janet Souder reviewed plaintiff's file upon reconsideration on May 12, 2021, and affirmed Dr. Johnston's opinions. (Tr. 109-11).

The ALJ evaluated the opinions of the state agency psychologists at step three of the sequential evaluation process when he determined that plaintiff's mental impairments did not meet the paragraph B criteria. (Tr. 26-29). The ALJ reasoned that the "opinion evidence presented by Dr. Johnston and Dr. Souder is plausible and persuasive when viewed within the context of the medical record." (Tr. 28-29). Subsequently, at step five of the sequential evaluation process, the ALJ found plaintiff's "capacity to work is also reduced by the effects of [her] mental impairments." (Tr. 33). The ALJ stated, in pertinent part, that plaintiff is able to "occasionally" interact with supervisors, coworkers, and the general public. (*Id*.). The ALJ acknowledged that this limitation is "not exactly the same as those imposed by the DDD reviewing psychologists (see Finding No. 3)," (*Id*.), who limited plaintiff to "superficial" interactions with others. The ALJ explained:

> For example, I [the ALJ] have restricted the claimant to only occasional interaction with other persons in the workplace while the DDD psychologists described an imposed limitation of only superficial interaction with other persons. To the extent that the DDD opinion evidence varies from my [the ALJ's] imposed limitations, I [the ALJ] find it to be non-persuasive. I [the ALJ] find that a restriction to only "occasional" interaction more accurately describes the claimant's capability in the area of interacting with others. She has friends with whom she interacts. She was polite and cooperative when examined.

(*Id*.).

Plaintiff argues the ALJ erred in finding "non-persuasive" the state agency psychologists' opinions on superficial interactions. (Doc. 10). Plaintiff contends the ALJ did not "properly

8

consider the supportability and consistency factors, or explain how those factors impacted the persuasiveness of their opinions." (*Id*. at PAGEID 2844).

The Court agrees that the ALJ failed to address the supportability and consistency factors under 20 C.F.R. § 404.1520c(b)(2). The regulations require the ALJ to explain how he considered both the consistency and supportability of the state agency psychologists' opinions. 20 C.F.R. § 404.1520c(b)(2). *See Shields v. Comm'r of Soc. Sec.*, 732 F. App'x 430, 440 (6th Cir. 2018) ("[A]n ALJ's failure to follow agency procedures does not constitute harmless error when it prevents us from meaningfully reviewing his or her decision. . . ."). *See also Jenna B. v. Comm'r of Soc. Sec. Admin.*, No. 3:21-cv-00176, 2022 WL 4395682, at *6 (S.D. Ohio Sept. 23, 2022) (ALJs are "required to explain their evaluation of the supportability and consistency factors. [20 C.F.R. § 404.1520c(b)(2)]. The regulation therefore imposes a burden of explanation, or mandatory articulation, upon ALJs"). The ALJ's explanation of the persuasiveness of the state agency psychologists' opinions does not permit meaningful review in this case.

First, the ALJ failed to analyze the consistency of their opinions with the evidence from other medical sources and nonmedical sources. 20 C.F.R. § 404.1520c(c)(2). *Cf. Hurst v. Sec'y of H.H.S.*, 753 F.2d 517, 519 (6th Cir. 1985) (quoting *Zblewski v. Schweiker*, 732 F.2d 75, 78 (7th Cir. 1984)) ("It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review."). The ALJ was not persuaded that plaintiff was limited to "superficial" interactions with others because plaintiff "has friends with whom she interacts" and "[s]he was polite and cooperative when examined." (Tr. 33). (*Id*.). The ALJ did not, however, identify the

9

medical records that provide the point of comparison for his consistency finding or explain how these records are inconsistent with the state agency psychologists' opinions.

As best the Court can discern, it appears that the ALJ was referencing portions of Dr. Brian Griffiths' January 23, 2021 consultative examination. (*See* Tr. 1625-33). Dr. Griffiths' report, however, includes statements that appear to contradict the ALJ's findings. Dr. Griffiths does not report that plaintiff had friends "with whom she interacts." (Tr. 33). Rather, plaintiff reported to Dr. Griffiths that "[s]he has friends. They *sometimes* get together and talk." (Tr. 1628) (emphasis added); (Tr. 1633). More importantly, immediately following Dr. Griffiths' statement that plaintiff "has friends," he noted that plaintiff's "emotional difficulties cause her to withdraw." (Tr. 1633). When viewed in context, the ALJ's stated reason ("has friends with whom she interacts") does not substantially support his persuasiveness finding.

The ALJ also stated that plaintiff "was polite and cooperative when examined" as a reason for his persuasiveness finding. (Tr. 33). Again, it appears the ALJ was referencing plaintiff's reported demeanor at Dr. Griffiths' consultative examination. (Tr. 1628). Dr. Griffiths, however, also reported that "[a]lthough [plaintiff] interacted appropriately with the examiner, she appeared to be an anxious and depressed individual. She sometimes had difficulty maintaining eye contact." (Tr. 1633). Dr. Griffiths further reported that plaintiff's "affect was constricted" (Tr. 1629) and "stressful situations trigger panic attacks . . . [and] cause mood extremes such as depressive and/or hypomanic episodes and/or behaviors." (Tr. 1633). Finally, Dr. Griffiths reported that "[c]ognitive dysfunction and/or anxiety and/or mood extremes such as depression and/or trauma symptoms like intrusive thoughts, flashbacks and hypervigilance may interfere with [plaintiff's] ability to keep up with others." (Tr. 1632). The Court is unable to discern how being polite and cooperative, in the context of Dr. Griffiths' other findings,

substantially support the ALJ's persuasiveness finding. In the absence of a sufficient explanation of consistency with the record as a whole, the Court cannot conclude that the ALJ's consideration of the state agency psychologists' opinions is supported by substantial evidence.[8]

Second, concerning the supportability factor, the ALJ entirely failed to explain the extent to which the state agency psychologists' opinions were purportedly not supported by relevant objective medical evidence and the state agency psychologists' supporting explanations. *See William G. v. Comm'r of Soc. Sec.*, No. 2:22-CV-213, 2022 WL 4151381, at *12 (S.D. Ohio Sept. 13, 2022) ("The ALJ repeatedly failed to evaluate supportability properly. That is, he did not explain how the objective medical evidence or supporting explanations for the medical opinions were considered.") (Report and Recommendation), *adopted*, 2022 WL 16745337 (S.D. Ohio Nov. 7, 2022). Accordingly, the ALJ's evaluation of the state agency psychologists' opinions is not supported by substantial evidence, and remand is appropriate to reevaluate these opinions in accordance with the factors articulated in 20 C.F.R. § 404.1520c.

Within her assignment of error, plaintiff also argues the ALJ's RFC is not supported by substantial evidence. (Doc. 10). The Court need not address the RFC issue at this juncture because the ALJ's reevaluation of the state agency psychologists' opinions on remand may impact the remainder of the ALJ's analysis, including the ALJ's evaluation of plaintiff's RFC.

In any event, even if an assignment of error based on plaintiff's RFC had merit, the result would be the same, i.e., remand for further proceedings and not outright reversal for benefits. *See Mays v. Comm'r of Soc. Sec.*, No. 1:14-cv-647, 2015 WL 4755203, at *13 (S.D. Ohio Aug.

---

[8] The Court notes that the Commissioner's references to record evidence consistent with the ALJ's finding that "a restriction to 'occasional' interaction more accurately described Plaintiff's capability in the area of interacting with others (Tr. at 33)" (Doc. 12 at PAGEID 2861) is unavailing, as these were not reasons given by the ALJ for his decision. *See Miller v. Berryhill*, No. 3:16-cv-94, 2017 WL 1021313, at *8 (S.D. Ohio Mar. 16, 2017) (explaining that the Court generally should not accept post-hoc rationalizations for agency action unless any associated error is harmless).

11, 2015) (Report and Recommendation), *adopted*, 2015 WL 5162479 (S.D. Ohio Sept. 3, 2015) (Dlott, J.).

**III. This matter is reversed and remanded for further proceedings.**

In determining whether this matter should be reversed outright for an award of benefits or remanded for further proceedings, the undersigned notes that all essential factual issues have not been resolved in this matter. *Faucher v. Sec'y of H.H.S.*, 17 F.3d 171, 176 (6th Cir. 1994). This matter is reversed and remanded for further proceedings with instructions to the ALJ to reevaluate the state agency psychologists' opinions in accordance with this decision; to reassess plaintiff's RFC; and for further medical and vocational development as warranted.

Based on the foregoing, plaintiff's statement of errors (Doc. 10) is **SUSTAINED**, and the Commissioner's non-disability finding is **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS** consistent with this Order.

Date:  2/6/2024

Karen L. Litkovitz
Chief United States Magistrate Judge